IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCES GONZALES MARES-HENSLEY, | § § | |
| Plaintiff, | § § | |
| v. | § | No. 3:21-cv-02765-B (BT) |
| | § § | |
| BANK AND BANKING, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Frances Gonzales Mares-Hensley. On November 9, 2021, the Court sent Mares-Hensley a Notice of Deficiency and Order (ECF No. 7), which directed her to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) by December 9, 2021. The Order informed Mares-Hensley that failure to respond and cure the deficiency by December 9, 2021 could result in a recommendation that her case be dismissed. The December 9 deadline passed, and Mares-Hensley failed to comply with the Court's order. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham*

*v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Mares-Hensley has failed to comply with the Court's order to file a complaint in compliance with Rule 8(a). Among other things, her complaint lacks a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of Mares-Hensley's claim showing she is entitled to relief, and a demand for relief. This litigation cannot proceed until she cures this deficiency. Mares-Hensley has failed to prosecute her lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Mares-Hensley's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed December 13, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).